**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 08-50 T
(Judge Francis M. Allegra)

---

TIMOTHY L. JENKINS,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

**JOINT PRELIMINARY STATUS REPORT**

---

Pursuant to Section III of Appendix A to the Rules of the United States Court of Federal Claims ("RCFC"), the parties hereby submit the following information to the Court:

**(a)** Jurisdiction. The parties agree that the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1491 and 26 U.S.C. § 7422.

**(b)** Consolidation. The parties are unaware of any other case with which this case should be consolidated.

**(c)** Bifurcation of Trial. In the event of a trial in this case, it is the parties' view that the trial should *not* be bifurcated and that evidence concerning both liability and damages should be presented at one trial. Because there is only one issue for which the resolution is "all or nothing"— namely, whether the Plaintiff is liable for the trust fund recovery penalty—the matter of the amount of any "damages" to which the Plaintiff may be found to be entitled (*i.e.*, the computation of any overpayment) will

necessarily be resolved after the "liability" issue (see section (h), *infra*) has been decided. As a result, at this time, the parties do not propose that their pretrial submissions (and/or initial post-trial submissions, if any) should address computational matters, except to the extent that such submissions may refer to amounts collected by the Internal Revenue Service from the Plaintiff with respect to the trust fund recovery penalty. The parties intend both to exchange information related to damages in discovery and to work to determine whether the *quantum* of any damages to which the Plaintiff would be entitled can be determined by stipulation. After the Court has resolved the liability issue, however, if the parties are unable to agree on the computation of damages, if any, then, the parties will propose procedures whereby the Court can resolve the computational issue on the basis of the evidence previously submitted at trial.

**(d)** Deferral of Proceedings. The parties know of no case pending before this Court that would justify deferral of proceedings in this case.

**(e)** Remand or Suspension. Neither remand nor suspension will be sought.

**(f)** Additional Parties. The parties know of no additional parties that should be joined to this case.

**(g)** Dispositive Motions. Further factual development of the case is needed to determine whether the case can be resolved through dispositive motions. Once discovery is completed, the parties will be in a better position to determine whether either of them will file any such motion. At this time, neither party intends to file a motion pursuant to RCFC 12(b), 12(c) or 56.

**(h)** Issues. This is a suit for a refund of tax and penalties imposed pursuant to 26 U.S.C. § 6672. The Plaintiff's complaint presents the issue of whether the Plaintiff is liable for the trust fund recovery penalty. This principal issue, in turn, is comprised of two subsidiary issues, with respect to *both* of which Defendant must prevail against the Plaintiff, if Defendant is to prevail in this case (thereby causing the Plaintiff to "lose" the case) in this Court, to wit:

1. Was the Plaintiff a *responsible person*, required to collect, truthfully account for and pay taxes owed by Dialogue Diaspora, Inc. ("DDI"), for the eleven quarterly tax periods beginning with the first quarter of 1993 and ending with the third quarter of 1995? and
2. Did the Plaintiff *willfully* fail to collect such tax on behalf of DDI, or truthfully account for and pay over such tax, or *willfully* attempt in any manner to evade or defeat any such tax or the payment thereof?

**(i)** Settlement. It is too early in the proceeding to determine whether this case may be resolved by settlement.

**(j)** Trial. As noted above, the parties have yet to engage in discovery. A trial may be necessary, if the parties are not able to settle any factual and/or legal issues that arise.

**(k)** Special ECM Issues. This case does not currently present any special issues regarding electronic case management.

**(l)** Other Information. The parties are unaware of any other information to which the Court should be made aware at this time.

**(m)** Proposed Discovery Plan. The parties propose a 300-day discovery period, particularly in view of the fact that the Internal Revenue Service has been unable to locate the administrative files for this case. As a result of the Internal Revenue Service's failure to provide the administrative files to counsel for the Defendant, Defendant may need to conduct more discovery than might otherwise be necessary, in order to identify persons with knowledge about the facts in this case, including third parties (including but not limited to non-party witnesses), and to obtain relevant information from them. The Plaintiff may also need to engage in discovery, including but not limited to discovery with respect to non-party witnesses. The parties further propose filing a joint status report within 30 days after the close of the proposed discovery period in order to propose further proceedings to the Court.

Respectfully submitted,

July 14, 2008

/s/Jane C. Bergner
JANE C. BERGNER
*Attorney of Record*
*1776 K Street, NW*
*Suite 800*
*Washington, DC 20006*
*Voice: (202) 470-5520*
*Fax: (202) 719-4031*
*Email: jbergner@jbergnerlaw.com*

Counsel for Plaintiff

July 14, 2008

/s/ Jeffrey R. Malo
JEFFREY R. MALO
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 305-7539*
*Fax: (202) 514-9440*
*Email: jeffrey.r.malo@usdoj.gov*

NATHAN J. HOCHMAN
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN FRAHM
*Assistant Chief, Court of Federal Claims Section*

July 14, 2008

/s/ Steven Frahm
Of Counsel

Counsel for Defendant