# In The United States Court of Federal Claims

No. 08-50T

(Filed: December 14, 2009)

| | | |
|---|---|---|
| TIMOTHY L. JENKINS, | * | Motion to compel answers to interrogatories; |
| | * | Responsible officer penalty case – 26 U.S.C. |
| Plaintiff, | * | § 6672; RCFC 33 – interrogatories; RCFC |
| | * | 37 – order to compel; RCFC 37(a)(4) – |
| v. | * | response not compelled where sufficient; |
| | * | RCFC 26(b)(1) – response not compelled |
| THE UNITED STATES, | * | where interrogatory requests irrelevant |
| | * | information; RCFC 37(a) – failure to make |
| Defendant. | * | conferment certification; Motion denied. |

**ORDER**

*Jane C. Bergner*, Washington, D.C. for plaintiff.

*Allison Barbara Ickovic,* United States Department of Justice, Washington, D.C., with whom was Acting Assistant Attorney General John A. DiCicco, for defendant.

**ALLEGRA, Judge:**

Pending before the court, in this tax refund case, is plaintiff's motion to compel defendant's response to Plaintiff's First Set of Interrogatories. Defendant asserts, *inter alia*, that the information sought by plaintiff already has been provided or is otherwise irrelevant. For the reasons set forth below, the court **DENIES** plaintiff's motion.

The underlying issue in this case is whether plaintiff, Timothy L. Jenkins, is liable for a so-called "responsible officer" penalty imposed by section 6672(a) of the Internal Revenue Code of 1986 (26 U.S.C.).[1] In assessing that penalty, the Internal Revenue Service (the IRS)

---

[1] Section 6672(a) states in pertinent part:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided

determined that plaintiff was responsible for the failure of Dialogue Diaspora, Inc. (DDI) to pay over withheld employment taxes.  The penalty was collected by levy against plaintiff.  On January 24, 2008, plaintiff filed a refund suit, alleging that a third party, Gary Puckrein, was the one actually responsible for DDI's failure to remit the taxes in question.  At some point, Mr. Puckrein entered into an offer in compromise with the IRS to settle various tax liabilities, including his liability for a "responsible officer" penalty assessed for DDI's nonpayment of withheld employment taxes.  In discovery, plaintiff sought production of Mr. Puckrein's federal tax transcripts to determine whether plaintiff's penalty liability might be reduced by payments made by Mr. Puckrein toward the employment tax liability.  Defendant refused to provide the transcripts, asserting that they contained tax return information protected by 26 U.S.C. § 6103.  On October 9, 2008, defendant provided a disclosure to plaintiff under 26 U.S.C. § 6103(e)(9),[2] which stated that although Mr. Puckrein had been assessed a penalty under section 6672, his liability had been reduced to zero under his settlement with the IRS.  On this same date, defendant produced to plaintiff a copy of DDI's tax transcripts for the periods in question.

      On January 30, 2009, the court discussed with the parties the possibility of defendant providing to the court, for *en camera* review, a copy of Mr. Puckrein's tax transcript.  On February 13, 2009, defendant filed a memorandum indicating that the court had the authority to order an *en camera* inspection of the tax transcript.  The court did so on February 18, 2009.  After reviewing the transcript, on March 16, 2009, this court issued an order finding that the

---

>by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a); *see also Salzillo v. United States,* 66 Fed. Cl. 23, 31 (2005).

  [2]  Section 6103(e)(9) provides –

>(9) Disclosure of certain information where more than 1 person subject to penalty under section 6672.– If the Secretary determines that a person is liable for a penalty under section 6672(a) with respect to any failure, upon request in writing of such person, the Secretary shall disclose in writing to such person–
>
>>(A) the name of any other person whom the Secretary has determined to be liable for such penalty with respect to such failure, and
>
>>(B) whether the Secretary has attempted to collect such penalty from such other person, the general nature of such collection activities, and the amount collected.

26 U.S.C. § 6103(e)(9).

contents of the transcript were irrelevant to this suit – that is, that they did not reflect any payments that would reduce the penalty at issue here.

On June 28, 2009, the day before discovery closed, plaintiff served the interrogatories that are the focus of the pending motion. One of these quoted Mr. Puckrein's March 19, 2009, deposition testimony in which he indicated that he had paid $150,000 toward the employment tax penalty (or the underlying liability of DDI). That assertion, of course, is inconsistent with the representations previously made by defendant to plaintiff and this court; it is, for that matter, also inconsistent with Mr. Puckrein's tax transcripts. On July 29, 2009, plaintiff filed a motion to compel responses to the June 28 interrogatories. On September 24, 2009, the court ordered defendant to provide Mr. Puckrein's offer in compromise to the court for *en camera* review. Defendant filed a "Notice of Compliance" on October 15, 2009 – defendant, however, did not provide the court with the offer in compromise, which it asserted could not be found. Defendant instead provided the court with additional evidence from the IRS' records describing the contents of the offer in compromise.

The Federal Circuit has instructed that "[q]uestions [regarding] the scope and conduct of discovery are . . . committed to the discretion of the trial court." *Florsheim Shoe Co. v. United States*, 744 F.2d 787, 797 (Fed. Cir. 1984). RCFC 26(b)(1), like its counterpart, Rule 26(b)(1) of the Federal Rules of Civil Procedure, permits broad discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." RCFC 26(b)(1); *see also Jicarilla Apache Nation v. United States*, 88 Fed. Cl. 1, 5 (2009). Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), and this information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." RCFC 26(b)(1); *see also Stovall v. United States*, 86 Fed. Cl. 770, 772 (2009).

Where written interrogatories are served under RCFC 33, the responding party "must provide true, explicit, responsive, complete, and candid answers." *Lakeland Partners, L.L.C. v. United States*, 88 Fed. Cl. 124, 132 (2009). Interrogatories "should be answered directly and without evasion in accordance with information that the answering party possesses after due inquiry." *Id.* (quoting 8A Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2177 (2d ed. 1994) (hereinafter "Wright & Miller")). For purposes of the rules, evasive or incomplete answers are treated as a failure to answer. RCFC 37(a)(4); *see also In Re Thomas Cons. Indus., Inc.*, 456 F.3d 719, 725 (7th Cir. 2006). Of course, a respondent may object to an interrogatory, but must do so "with specificity." RCFC 33(b)(4); *see also Enron Corp. Savings Plan v. Hewitt Assocs., LLC*, 258 F.R.D. 149, 159 (S.D. Tex. 2009). The party propounding the interrogatories may, as is the case here, move for an order compelling disclosure under RCFC 37(a) when an opposing party "fails" to answer an interrogatory. RCFC 37(a)(3)(B)(iii); *see also Whitlow v. Martin*, 259 F.R.D. 349, 353 (C.D. Ill. 2009).

The party moving to compel discovery bears the burden of proving that the opposing party's answers are incomplete. *Equal Rights Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 32

(D.D.C. 2007); *Anaheim Gardens v. United States*, 2008 WL 2043240, at *3 (Fed. Cl. Feb. 29, 2008). On the other hand, the party opposing a motion to compel has the burden of "showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." *Anaheim Gardens*, 2008 WL 2043240, at *3 (quoting *Thompson v. Reg'l W. Med. Ctr.*, 2007 WL 3232603, at *2 (D. Neb. Oct. 31, 2007)); *see also Hernandez, Kroone and Assocs., Inc. v. United States*, 2008 WL 4725433, at *2 (Fed. Cl. Jun. 16, 2008).

With these standards firmly in mind, the court now turns to the subject interrogatories, and defendant's responses thereto.

Plaintiff's Interrogatory No. 1 seeks a description of:

(1) **Both** each payment **and** the total of all such payments of DDI's trust fund taxes and the trust fund recovery penalty by Mr. Puckrein either personally or by checks written on behalf of Mr. Puckrein; **and**

(2) How all such payments by both Mr. Puckrein personally and DDI (by means of checks signed by Mr. Puckrein) were applied by the IRS to diminish **both** DDI's liability for trust fund taxes **and** the liability asserted by the IRS against Plaintiff for the trust fund recovery penalty.

(Emphasis in original.) Defendant's response to this interrogatory states that "the employment tax transcripts of account for DDI reflect all the payments applied to DDI's outstanding liability," and that "the transcripts have already been provided" to plaintiff through discovery. In addition, defendant responds that it "has already disclosed [in its § 6103(e)(9) release] that the § 6672 penalty was assessed against Mr. Puckrein, and his liability was reduced to zero through an offer in compromise based on doubt as to collectability," adding that "[n]o amounts collected from Mr. Puckrein were used to offset any portion of the joint and severable § 6672 liability that was assessed against plaintiff."

Plaintiff asserts that the intent underlying Interrogatory No. 1 is to determine whether plaintiff's penalty liability should be reduced by any tax payments made by Mr. Puckrein either as to his penalty liability or the underlying liability of DDI. Various decisions suggest that the information requested by plaintiff is relevant to determining whether, and to what extent, the section 6672 penalty assessed against him should be reduced.[3] Plaintiff argues that this interrogatory arises from Mr. Puckrein's deposition testimony and seeks an explanation as to the

---

[3] *See Gens v. United States*, 615 F.2d 1335, 1339 (Ct. Cl. 1980), *cert. denied*, 459 U.S. 906 (1982) ("once the government has obtained a single satisfaction, it must abate all 100-percent penalty assessments which have arisen from the payroll tax liability"); *see also Schultz v. United States*, 918 F.2d 164, 167 (Fed. Cir. 1990), *cert. denied*, 500 U.S. 906 (1991); *Kelly v. Lethert*, 362 F.2d 629, 635 (8th Cir. 1966);.

inconsistency between that testimony and defendant's prior disclosures.  But, in fact, the interrogatory did not request such an explanation.  Although plaintiff attacks defendant's responses as nonresponsive and posing unspecified "objections," the response provided by defendant is, in the court's view, sufficient, at least in terms of the interrogatory actually propounded by plaintiff.  While defendant's response may not be that for which plaintiff hoped, that unrealized expectancy does not, in and of itself, make the response evasive or incomplete under RCFC 37(a)(4).  And, plaintiff has not demonstrated otherwise.

This conclusion is not hypertechnical.  In response to Interrogatory No. 1, defendant states that all payments applied to the outstanding trust fund liability are reflected in DDI's tax transcripts, which were previously produced to plaintiff – and those transcripts appear consistent with Mr. Puckrein's own transcripts, which the court has previously reviewed.  Additionally, in its response, defendant states that "[n]o amounts collected from Mr. Puckrein were used to offset any portion of the joint and severable § 6672 liability that was assessed against plaintiff."  This response is consistent with the additional materials that defendant provided in response to this court's September 24, 2009, order, notwithstanding defendant's failure to produce the offer in compromise itself.  Accordingly, the court finds that defendant has adequately responded to Interrogatory No. 1.

Plaintiff's Interrogatory No. 2 seeks information concerning:  (i) whether the revenue officer who was responsible for collecting DDI's tax liability was ever treated for alcohol or substance abuse while employed by the IRS; (ii) whether that officer was ever disciplined by the IRS for alcohol or substance abuse; and (iii) whether that officer was terminated by the IRS for alcohol or substance abuse.  The interrogatory cites a portion of plaintiff's June 29, 2009, deposition transcript in which he claims that in his face-to-face dealings with the IRS revenue officer, the latter appeared to be drunk on "more than one occasion."  Plaintiff avers that the officer's condition may explain why the administrative file concerning DDI's payment of trust fund taxes has vanished.  He speculates that this file might have contained exculpatory documents provided to the revenue officer by plaintiff that would tend to show plaintiff's lack of willfulness in failing to pay over DDI's employment taxes.

Defendant objects to Interrogatory No. 2 on the ground that it seeks irrelevant information.  In *Cook v. United States*, 46 Fed. Cl. 110, 115-16 (2000), this court held that loss of an administrative file neither invalidated the IRS' penalty assessment nor independently shifted the burden of proof to the government.  The loss of those records, however, did prevent the presumption of correctness from attaching to the assessment, at least until the government came forward with evidence that the assessment was not "naked."  *Id.* at 114-15.  Nothing in the court's rationale, however, focused on why the administrative file there in question was lost.  Nor has plaintiff cited any case – or even offered a viable legal theory – as to how the specific reasons why an administrative file went missing impact the validity of an assessment, any other procedural aspect of a responsible officer case, or, for that matter, a particular plaintiff's willfulness (or lack thereof) in failing to pay over withheld taxes.  Accordingly, the court is left with the firm view that the reasons why the administrative file in question is missing are quite

irrelevant. As such, defendant need not respond to Interrogatory No. 2, as it seeks irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

Even were the basic situation here otherwise, this court would deny the motion to compel based upon plaintiff's failure to comply with that portion of RCFC 37(a) which states that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Plaintiff's motion describes conversations that plaintiff's counsel had with defendant's counsel prior to receiving defendant's responses to the interrogatories, but does not reveal any attempt to resolve the matter at hand, without the court's intervention, after plaintiff's receipt of the responses. At all events, the motion does not contain any certification remotely comparable to that required by the rule. Like its Federal rules counterpart, RCFC 37(a) means what it says. Its conferment requirement is neither gratuitous window dressing, nor wishful "civility" thinking, but rather a precondition to the invocation of the court's intervention. *See Algonquin Heights v. United States*, 2009 WL 2019110, at *3 (Fed. Cl. Feb. 29, 2008); *see also Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006); *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 843-44 (11th Cir. 2006); *Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3d Cir. 2003); *United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 235 F.R.D. 521, 529 (D.D.C. 2006); *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996); *see generally*, 8B Wright & Miller § 2285. And this requirement was not met here.

Based on the foregoing, plaintiff's motion to compel is hereby **DENIED**. Discovery in this matter is at an end. On or before January 8, 2010, the parties shall file a joint status report on how this case should proceed, with an appropriate proposed schedule.[4]

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge

---

[4] RCFC 37 (a)(5)(B) provides that, where a motion to compel is denied, the court may allow the opposing party to recover reasonable expenses incurred in defending the motion from the moving party. The court, however, may not order such payment "if the motion was substantially justified or other circumstances make an award of expenses unjust." Because the current motion arises, in part, from the IRS' loss of plaintiff's administrative file, the court finds that an award of expenses to defendant in the circumstances presented would be unjust. In addition, the court finds that the deposition testimony of Mr. Puckrein provided substantial justification for plaintiff to file the motion to compel. *See Devaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (a motion is "substantially justified" if "it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action"). Accordingly, the court will not award defendant any expenses in connection with its defense of this motion.