# In The United States Court of Federal Claims

No. 08-50T

(Filed:  July 9, 2010)

_____

TIMOTHY L. JENKINS,

                  Plaintiff,

     v.

THE UNITED STATES,

                  Defendant.

_____

**ORDER**

_____

On April 14, 2010, plaintiff filed a Motion for an Order Shifting the Burden of Production and Proof to Defendant.  On May 24, 2010, defendant filed its opposition to this motion.  On June 10, 2010, plaintiff filed a reply in support of its motion.  Argument on this motion is deemed unnecessary.

In this case, the Internal Revenue Service admits that it has lost the administrative file documenting the basis upon which a "responsible officer" tax penalty was assessed against plaintiff pursuant to 26 U.S.C. § 6672(a).  In *Cook v. United States*, 46 Fed. Cl. 110 (2000), this court held that the presumption of correctness that ordinarily attached to an assessment by the Service does not apply "when the government's assessment falls within a narrow, but important, category of a 'naked' assessment without any foundation whatsoever." *Id*. at 114 (quoting *United States v. Janis*, 428 U.S. 433, 441 (1976)).  While recognizing that the loss of an administrative file could give rise to such a "naked" assessment, the court noted that an assessment is not naked if "admissible evidence exists to support the assessment." *Id.* at 114.  Analyzing the rationales for the presumption of correctness and burden of proof and finding them to be entirely different, the court further concluded that "even if the assessment in question is shown to be naked, the burden of proof in the instant case as to the claims stated in the complaint . . . remains on the plaintiff." *Id*. at 118.

Plaintiff asks this court to reconsider its opinion in *Cook*, asserting, *inter alia*, that this court misconstrued the Supreme Court's opinion in *Janis*.  The court, however, has carefully reviewed its earlier opinion, the authorities cited therein (including *Janis*), and relevant cases subsequent thereto, and concludes that *Cook* was correctly decided.  In the court's view, the

extensive reasoning in *Cook* remains sound, controls this case, and requires the court to reject plaintiff's motion to the extent that it seeks to shift the burden of proof in this case.[1]

As to the presumption of correctness, the court finds that the procedure it employed in *Cook* to address this issue should also be employed here.  Accordingly, in order to determine whether the presumption of correctness attaches to the assessment in question, defendant, rather than the plaintiff, shall presents its evidence first (with appropriate cross-examination).[2]  The court will then rule as to whether defendant's evidence provides the necessary foundation for the assessment.  Following that ruling, the plaintiff, who retains the burden of proof on his complaint in this case, shall present his case in chief, with normal trial procedures regarding the order of proof to be followed thereafter.[3]

Based on the foregoing, plaintiff's motion is **DENIED**, albeit without prejudice as to the potential shifting of the burden of production to defendant  The trial in this case shall proceed consistent with the procedure described above.

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge

---

[1]  Since the Service's administrative examination in this case commenced before July 22, 1998, the burden of production provisions of the Internal Revenue Service Restructuring Act of 1998, 26 U.S.C. § 7491(c), are inapplicable.  *See* Pub. L. No. 105-206, § 300(c)(1), 113 Stat. 685, 726-27 (1998).

[2]  Defendant attempted to demonstrate that the Service's assessment was not "naked" by attaching various documents to its response to plaintiff's motion.  Those documents, however, are not self-authenticating and the court thus is ill-inclined to render factual findings on this issue at this juncture.  *See Cook*, 46 Fed. Cl. at 115 n.11.

[3]  Plaintiff complains that the loss of the administrative file may prevent him from fully developing his case and responding properly to certain aspects of defendant's case.  As it did in *Cook*, the court will consider such issues as they may arise at trial, with an eye toward whether the loss of the records truly created prejudice given: (i) the *de novo* nature of this refund suit; and (ii) the availability of discovery in this case.  *See Cook*, 46 Fed. Cl. at 118 n. 19.