# In The United States Court of Federal Claims

No. 08-50T

(Filed: August 31, 2010)

_____

TIMOTHY L. JENKINS,

        Plaintiff,

v.

THE UNITED STATES,

        Defendant.

_____

**ORDER**

_____

On August 31, 2010, the court conducted a pre-trial conference in this case. Participating in this conference were Jane C. Bergner, for plaintiff, and Allison Ickovic, for defendant. For the reasons discussed at this conference, the court hereby orders the following:

1. Trial will commence at 10:00 a.m. (EDT) on Monday, September 27, 2010, at the United States Court of Federal Claims, Courtroom #5, 717 Madison Place, Washington, DC 20005. The trial will continue day-to-day through Thursday, September 30, 2010. However, if trial extends beyond Thursday, September 30, 2010, the next occurring day of trial shall be Monday, October 4, 2010.

2. On or before **September 20, 2010**, the parties shall file a joint stipulation of undisputed facts. The court expects that stipulation to be extensive. Failure to file a sufficiently comprehensive stipulation will result in an order requiring the parties to re-file a revised stipulation that comports with the court's expectations.

3. Regarding exhibits:

    a. At the outset of trial, it is the court's intent to admit *en masse* any exhibits to which there are no objections. At the outset of trial, the court will rule on any objections to exhibits that do not require live testimony. Objections to exhibits that require live testimony will be considered at the appropriate time.

                The parties shall consult with each other and avoid introducing duplicate exhibits.

      b.      At the beginning of trial, the parties shall supply <u>six</u> pre-marked copies of the exhibits they intend to offer in this case including joint exhibits. The copies shall be in binders, with tabbed dividers between each individual exhibit. Colored exhibit stickers shall be affixed only to the original copy of the exhibits (which will be provided to the reporter). Defendant shall use blue stickers; plaintiff shall use any color other than blue. The parties shall ensure that the pagination of individual exhibits is easily identifiable.

4.      Regarding witnesses:

      a.      Each party shall notify the other as soon as possible if a determination is made not to call someone on its witness list.

      b.      Based on the anticipated schedule, the parties are hereby instructed to have adequate witnesses available and prepared to testify on each day of trial, so as to ensure that each day of the trial proceedings is fully utilized.

      c.      Counsel are reminded of the court's expectation that the direct examination of witnesses shall be crisp and shall not unduly elicit information already in the record (*e.g.*, stipulated matters).

5.      Regarding order of proof:

      a.      Defendant shall present evidence first as to whether the presumption of correctness attaches to the assessment in question, with appropriate cross-examination.

      b.      The court will then rule as to whether defendant's evidence provides the necessary foundation for the assessment.

      c.      Following that ruling, plaintiff, who maintains the burden of proof, shall present his case-in-chief, subject to normal trial procedures.

6.      The court may require post-trial briefing in this case.  If such briefing is required, the schedule will be established at the conclusion of trial.

7.      If post-trial briefing is required, closing argument will be held following the conclusion of post-trial briefing on a date to be established.

8.      Counsel are reminded of the court's expectation that they will attempt to resolve as many matters as possible through cooperation.

**IT IS SO ORDERED.**

                                                    s/ Francis M. Allegra
                                                    Francis M. Allegra
                                                      Judge